IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MATHIS MEADOWS,                              )
                                             )
          Plaintiff,                         )
                                             )
VS.                                          )          No. 13-1279-JDT-egb
                                             )
CORRECTION CORPORATION                       )
OF AMERICA, et al.,                          )
                                             )
          Defendants.                        )

_____

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

_____

On October 16, 2013, Plaintiff Mathis Meadows, inmate number 317347, who was

formerly confined as an inmate at the Hardeman County Correctional Facility ("HCCF") in

Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § l983, accompanied

by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued

an order on October 18, 2013, that granted leave to proceed *in forma pauperis* and assessed

the civil filing fee. (ECF No. 3.)

The Clerk shall record the defendants as Corrections Corporation of America

("CCA"), Warden Donahue, Captain N. Jones, and Mrs. Sheila Martin.  The Clerk is directed

to terminate the HCCF as a defendant.[1]

HCCF is owned and operated by CCA.  Plaintiff alleges that, on July 1, 2013, he was stabbed while in protective custody at HCCF.  (ECF No. 1 at 4.)  Plaintiff alleges that his face required fifteen (15) stitches and his shoulder required ten (10) stitches.  (*Id.*)  Plaintiff contends that he was not taken to a hospital for proper medical treatment.  Plaintiff contends that Defendant Donahue could have sent him to the hospital for medical attention.  (*Id*. at 5.)  After an investigation, Plaintiff alleges that Defendants Martin and Jones charged him with a disciplinary offense.  (*Id.* at 4.)  Plaintiff contends that Defendants Martin and Jones determined that no weapons or injuries were involved in the incident.  (*Id.* at 4)  Plaintiff alleges that he lost his prison job because he was transferred to another pod.  (*Id.* at 5.)  Plaintiff seeks compensatory and punitive damages.  (*Id.* at 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in <u>Ashcroft v. Iqbal</u>, 556 U.S.

---

[1]On page four of the complaint Plaintiff lists CCA, Warden Donahue, Captain N. Jones, and Mrs. Sheila Martin as the defendants.

662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are

applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v.

Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951)

(alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled

to the assumption of truth. While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct.

at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still

requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the

requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds'

on which the claim rests.").

 "A complaint can be frivolous either factually or legally. See Neitzke [v. Williams],

490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous

would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109

S. Ct. 1827." Hill, 630 F.3d at 470.

  Whether a complaint is factually frivolous under §§ 1915A(b)(1) and
1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for
relief. Statutes allowing a complaint to be dismissed as frivolous give "judges
not only the authority to dismiss a claim based on an indisputably meritless
legal theory, but also the unusual power to pierce the veil of the complaint's

> factual allegations and dismiss those claims whose factual contentions are
> clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28
> U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge
> must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge
> does not have to accept "fantastic or delusional" factual allegations as true in
> prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at
> 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings

drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383

(quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants and

prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As

the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court
> suggested that *pro se* complaints are to be held to a less stringent standard than
> formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 92
> S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other
> courts, however, have been willing to abrogate basic pleading essentials in *pro
> se* suits.  *See*, *e.g.*, *id.* at 521, 92 S. Ct. at 596 (holding petitioner to standards
> of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be
> less stringent with *pro se* complaint does not require court to conjure up
> unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d
> 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v.
> Tisch, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with
> requisite specificity so as to give defendants notice); Holsey v. Collins, 90
> F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum
> standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, No. 09-

2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se*

complaint for failure to comply with "unique pleading requirements" and stating "a court

cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, 556 U.S. at 676; *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Iqbal, 556 U.S. at 676.

---

[2]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008); Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Donahue or CCA, through their own actions, violated Plaintiff's rights.  There is not even any allegation that Donahue or CCA knew about plaintiff's injury, the disciplinary charge, or other events that allegedly violated Meadows' rights.

Likewise, Meadows has no claim against Donahue, Jones, and Martin for failing to investigate to the extent that they were aware of Plaintiff's injuries, grievances, or complaint. Although failure to investigate may give rise to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only.  In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [Marchese and Lucas (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In <u>Walker</u>, the Sixth Circuit distinguished <u>Marchese</u> because the Court "imposed the broad investigative responsibilities outlined in <u>Marchese</u> upon the Sheriff in his official capacity." <u>Walker</u>, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

<u>Young v. Ward</u>, 1998 WL 384564 *1 (6th Cir. 1998).

Meadows has no claim for the loss of his prison job.  "[T] he Constitution does not create a property or liberty interest in prison employment [and] any such interest must be created by state law by 'language of an unmistakably mandatory character.'" <u>Newsom v. Norris</u>, 888 F.2d 371, 374 (6th Cir. 1989) (quoting <u>Ingram v. Papalia</u>, 804 F.2d 595, 596-97 (10th Cir. 1986)) (additional citations omitted).  The Sixth Circuit has consistently rejected claims by prisoners based on their loss of, or failure to be assigned to, a prison job. *See, e.g.,* <u>Shields v. Campbell</u>, No. 03-5635, 2003 WL 22905312, at *1 (6th Cir. Nov. 26, 2003); <u>Carter v. TDOC</u>, 69 F. App'x 678, 680 (6th Cir. 2003); <u>Jewell v. Leroux</u>, 20 F. App'x 375, 377 (6th Cir. 2001); <u>Dellis v. Corrections Corp. of Am.</u>, 257 F.3d 508, 511 (6th Cir. 2001); <u>Ivey v. Wilson</u>, 832 F.2d 950, 955 (6th Cir. 1987).  Because there is no property right in a specific job, likewise there is no property right to a specific wage for work performed.

Rather, prison administrators may assign inmates jobs and wages at their discretion. <u>Altizer v. Paderick</u>, 569 F.2d 812 (4th Cir. 1978); <u>Anderson v. Hascall</u>, 566 F. Supp. 1492, 1494 (D. Minn. 1983); <u>Chapman v. Plageman</u>, 417 F. Supp. 906, 908 (W.D. Va. 1976).

The Sixth Circuit recently held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. <u>LaFountain v. Harry</u>, ___ F.3d ___, ___, 2013 WL 2221569, at *5 (6th Cir. 2013); *see also* <u>Brown v. R.I.</u>, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. <u>Brown</u>, 2013 WL 646489, at *1; <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); <u>Curley v. Perry</u>, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The deficiencies in Plaintiff's complaint cannot be cured by amendment because the claims asserted are entirely lacking in merit and he seeks to sue a defendant that is

8

immune from suit.

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Judgment shall be entered for all Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Id.* at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir.

9

1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This "strike" shall take effect on entry of judgment. *See* <u>Coleman v. Tollefson</u>, 733 F.3d 175, 177-78 (6th Cir. 2013).

IT IS SO ORDERED.


 s/ **James D. Todd**_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE